UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN LAWHORN, | |
| Plaintiff, | Case No. 3:20-cv-00201 |
| v. | Judge Eli J. Richardson |
| | Magistrate Judge Alistair E. Newbern |
| BUY BUY BABY, INC., | |
| Defendant. | |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This personal injury action under the Court's removal jurisdiction is referred to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 7.) Now before the Court is Defendant Buy Buy Baby, Inc.'s motion to dismiss pro se Plaintiff Kevin Lawhorn's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. No. 5.) Lawhorn has responded in opposition to Buy Buy Baby's motion (Doc. No. 9), and Buy Buy Baby has filed a reply (Doc. No. 10). For the reasons that follow, the Magistrate Judge will recommend that Buy Buy Baby's motion be granted and this case be dismissed.

## I.      Factual and Procedural Background[1]

Lawhorn resides in Gallatin, Tennessee. (Doc. No. 1-1.) On March 23, 2019, Lawhorn was in a Buy Buy Baby "store to purchase baby products for spring break when a long hook fell onto

---

[1]      The facts in this section are drawn from Lawhorn's complaint (Doc. No. 1-1) and taken as true for purposes of resolving the pending motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

[his] right foot causing neuropathy pain." (*Id.* at PageID# 4.) The metal hook had been hanging on a wall holding heavy beach mats. (*Id.*) Lawhorn's treatment for his injury "included [over the counter] meds as well as [a] prescription of gabapentin" and an "XRAY." (*Id.*) His doctor's office "cleared [Lawhorn] to work [in] January 2020." (*Id.*) A Buy Buy Baby risk management employee offered to settle Lawhorn's claim, but Lawhorn refused. (*Id.*)

Lawhorn initiated this action on February 20, 2020, by filing a complaint against Buy Buy Baby in the Circuit Court for Williamson County, Tennessee. (Doc. No. 1-1.) Lawhorn's complaint seeks $300,000.00 in damages and lost wages. (*Id.*) Buy Buy Baby, which is incorporated in Delaware and has its principal place of business in New Jersey, removed the case to this Court on March 9, 2020, based on diversity of citizenship. (Doc. No. 1.)

On March 17, 2020, Buy Buy Baby moved to dismiss Lawhorn's complaint under Rule 12(b)(6) for failure to state a claim. (Doc. No. 5.) Buy Buy Baby argues that Lawhorn has not alleged that it engaged in any wrongdoing and has not identified any causes of action against it. (Doc. No. 6.) Even if the Court construes Lawhorn's complaint as a premises liability claim, Buy Buy Baby argues that Lawhorn has not alleged sufficient facts to support such a claim. (*Id.*)

Lawhorn's response in opposition does not address these arguments. (Doc. No. 9.) He repeats the allegations from his complaint and adds that his "employment requires a lot of walking . . . ." (*Id.* at PageID# 26.) Lawhorn also attached medical and employment records to his response. (Doc. No. 9.) Buy Buy Baby's reply points out that Lawhorn has not responded to its dismissal arguments and further argues that the Court should not consider Lawhorn's attachments in resolving its motion to dismiss. (Doc. No. 10.)

## II.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Lawhorn proceeds pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III.     Analysis

Even liberally construed, Lawhorn's complaint fails to identify any factual or legal basis for his claims. He does not assert that the hook was dangerous or that Buy Buy Baby knew of the danger and failed to correct it or warn him about it. This Court is "not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown*, 22 F. App'x at 578. The Court finds that Lawhorn's allegations are insufficient to support any plausible claims for relief. Buy Buy Baby's motion to dismiss should therefore be granted.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Defendant Buy Buy Baby, Inc.'s motion to dismiss (Doc. No. 5) be GRANTED and that this action be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of February, 2021.

ALISTAIR E. NEWBERN
United States Magistrate Judge