IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN LAWHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:20-cv-00201 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| BUY BUY BABY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is a Report and Recommendation from the Magistrate Judge recommending dismissal of this matter. (Doc. No. 21, "R&R"). The Report and Recommendation was in response to Defendant's Motion to Dismiss (Doc. No. 5), which sought dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff had failed to state a claim upon which relief can be granted. Plaintiff responded to the Motion. (Doc. No. 9). Defendant replied. (Doc. No. 10). Plaintiff then objected to the Report and Recommendation. (Doc. No. 22, "Objection"). Defendant responded to the objection. (Doc. No. 23). Plaintiff did not reply.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an

1

objection is made.[1] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objection, and the file. For the reasons set

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiff did not comply with these local rules in filing his Objection.

2

Case 3:20-cv-00201   Document 24   Filed 03/19/21   Page 2 of 6 PageID #: 76

forth below, the Objection is overruled, and the Report and Recommendation is adopted and approved.

## BACKGROUND

The facts, as alleged by Plaintiff and accepted as true for purposes of the Motion to Dismiss, (Doc. No. 21 at 1 n.1), are sufficiently recited in the R&R and need not be repeated here in full. Plaintiff was injured when a hook, which was holding heavy beach mats on the wall of a Buy Buy Baby store, fell off the wall. (Doc. No. 1-1). Plaintiff suffered a foot injury due to the falling hook. (*Id.*).

## DISCUSSION

Plaintiff's Objection contains a single paragraph, which restates the facts presented in previous court filings and makes general statements indicating that he believes he has a valid claim. (Doc. No. 22). Defendant responded to Plaintiff's Objection, asking the Court to strike or not consider some or all of the Objection in accordance with Fed. R. Civ. P. 12(f) and 72(b)(2) and noting Plaintiff's failure to make specific written objections. (Doc. No. 23). Defendant argues that two statements made by Plaintiff in his Objection should be stricken or not considered as inadmissible evidence: 1) the statement that Defendant now displays the beach mats in a different way, and 2) the statement regarding Plaintiff and Defendant's attempts to settle this case. (*Id.* at 5). The Court agrees with Defendant that it should not consider either of these statements, as they are inadmissible evidence under the Federal Rules of Evidence.[2] The first statement is inadmissible

---

[2] Defendant requested the Court strike these statements from the record, citing Fed. R. Civ. P. 12(f). This rule, however, pertains to pleadings. The Court can simply ignore inadmissible evidence instead of striking it from the record, and it will do so here. *See e.g.*, *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966) (noting that 12(f) did not apply to affidavits attached to a motion to dismiss, but noting that "[t]he Court has discretion to disregard those facts which would not be admissible in evidence, and to rely on those facts which are competent

3

as a subsequent remedial measure. Fed. R. Evid. 407; *see also Cary v. Kroger Co.*, No. 1:09-0064, 2010 WL 3420351, at *1 (M.D. Tenn. Aug. 26, 2010) (not considering subsequent remedial measure). The second statement is inadmissible as an offer of valuable consideration to compromise a claim or as a statement made during compromise negotiations. Fed. R. Evid. 408; *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 464 (M.D. Tenn. 2002) (finding settlements inadmissible at trial and therefore not discoverable).

Relatedly, the Court cannot rely on the following statement made in Plaintiff's objection: "[Defendant] knew that this could be dangerous to hold a 5-10 pound sand/lawn mat to be used at a beach/park due to the fact it was improperly positioned on the wall held by a flimsy long rod that easily fell onto the floor. These facts will be produced at the hearing if given by the courts." (Doc. No. 22 at 1). Whether they could be proven at a hearing, they were not alleged in the Complaint and could not have (and did not) help Plaintiff in stating a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objection, and the file. Because Plaintiff's response does not identify with particularity the specific portions of the R&R to which objections are made, it fails to meet the requirements of Fed. R. Civ. P. 72 and Local Rule 72.02. Among other things, Plaintiff's Objection fails to indicate where the R&R's analysis went wrong; it fails to explain why the R&R erred in not considering the above-quoted allegations that were (belatedly)

---

evidence"); *see also Leasure v. AA Advantage Forwarders*, No. 5:03-CV-181-R, 2007 WL 1218022, at *3 (W.D. Ky. Apr. 23, 2007) (noting the court's discretion to exclude inadmissible testimony); *Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041–42 (S.D. Ohio 2011), *aff'd*, 495 F. App'x 623 (6th Cir. 2012) (noting in the summary judgment context that "motions to strike are disfavored; a Court should ignore inadmissible evidence instead of striking it from the record." (footnote omitted)); *Dunavant v. Frito Lay*, No. 1:11-0028, 2013 WL 816673, at *5 (M.D. Tenn. Mar. 5, 2013) (same); *Branch Banking & Tr. Co. v. Fid. Nat. Title Ins. Co.*, No. 3:11-00301, 2013 WL 6844653, at *5 (M.D. Tenn. Dec. 30, 2013) (same).

included in the Objection but not included in the Complaint. The R&R properly was based on what was included in Plaintiff's Complaint, and Plaintiff's Objection fails to assert—let alone establish—that the R&R somehow went wrong in reaching the recommendation it did based on what was in Plaintiff's Complaint. The Federal Rules of Civil Procedure may not require "detailed" factual allegations, but they do "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).[3] Plaintiff has failed to specify where the R&R went wrong, in concluding that Plaintiff's Complaint did less than what is demanded by the Federal Rules.

Plaintiff's purported objections are overruled, and the Report and Recommendation is adopted and approved.

## CONCLUSION

For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 21). The pending Motion for Hearing and New Address (Doc. No. 19) will be denied as moot. This matter will be dismissed with prejudice.

---

[3] This is true of pro se plaintiffs (like Plaintiff) as well as represented plaintiffs. True, "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). But pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). And the Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise of courts merely because a plaintiff is pro se would require "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

An appropriate order will be entered.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE